UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

KACEY DUFRESNE
985 Channel Tunnel Court
Howard, Wisconsin 54313

   Plaintiff,

v.

JULIE'S CAFÉ WEST & CATERING LLC
1512 Main Street
Green Bay, Wisconsin 54302

   and

HUMBERTO MORALES SOLORIO
894 Cutty Sark Road
Green Bay, Wisconsin 54303

   Defendants

Case No.: 26-cv-180

**JURY TRIAL DEMANDED**

---

## COMPLAINT

---

COMES NOW Plaintiff, Kacey DuFresne, by her counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendants, alleges and shows to the Court as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves federal questions under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws

("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because the unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

## PARTIES AND COVERAGE

4. Plaintiff, Kacey DuFresne, is an adult female resident of the State of Wisconsin with a post office address of 985 Channel Tunnel Court, Howard, Wisconsin 54313.

5. Defendant, Julie's Café West & Catering LLC, was, at all material times herein, an entity doing business in the State of Wisconsin with a principal office address of 1512 Main Street, Green Bay, Wisconsin 54302.

6. During the relevant time periods as stated herein, Defendant Julie's Café West & Catering LLC was a café and catering company.

7. During the relevant time periods as stated herein, Defendant Julie's Café West & Catering LLC was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

8. During the relevant time periods as stated herein, Defendant Julie's Café West & Catering LLC employed more than two (2) employees.

9. During the relevant time periods as stated herein, Defendant Julie's Café West & Catering LLC's annual dollar volume of sales or business exceeded $500,000.

10. During the relevant time periods as stated herein, Defendant Julie's Café West & Catering LLC was an "employer" of an "employee," Plaintiff, as these terms are defined under the FLSA and the WWPCL.

11. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendant Julie's Café West & Catering LLC, as these terms are defined under the FLSA and the WWPCL.

12. Defendant, Humberto Morales Solorio, was, at all material times herein, an adult male resident of the State of Wisconsin with a home address of 894 Cutty Sark Road, Green Bay, Wisconsin 54303.

13. During the relevant time periods as stated herein, Defendant Solorio owned, operated, and managed Defendant Julie's Café West & Catering LLC.

14. During the relevant time periods as stated herein, Defendant Solorio was an "employer" as that term is defined under the FLSA and/or the WWPCL.

15. During the relevant time periods as stated herein, Plaintiff performed compensable work in the positions of Host, Server, and Manager on Defendants' behalf, with Defendants' knowledge, at Defendants' direction, and/or for Defendants' benefit in the State of Wisconsin.

16. During Plaintiff's employment with Defendants, Defendants supervised Plaintiff's day-to-day activities.

17. During Plaintiff's employment with Defendants, Defendants managed and directed Plaintiff's job duties and responsibilities.

18. During Plaintiff's employment with Defendants, Defendants established Plaintiff's work schedule and provided Plaintiff with work assignments and hours of work.

19. During Plaintiff's employment with Defendants, Defendants had the ability and authority to (and actually did), hire, terminate, promote, demote, and/or suspend Plaintiff.

20. During Plaintiff's employment with Defendants, Defendants reviewed Plaintiff's work performance.

21. During Plaintiff's employment with Defendants, Defendants established the work rules, policies, and procedures by which Plaintiff abided while performing compensable work for on Defendants' behalf, with Defendants' knowledge, at Defendants' direction, and/or for Defendants' benefit.

22. During Plaintiff's employment with Defendants, Defendants controlled the terms and conditions of Plaintiff's employment.

23. During Plaintiff's employment with Defendants, Defendants established the manner and means of Plaintiff's compensation: an hourly rate of pay for compensable work performed each workday and each workweek.

## FLSA & WWPCL ALLEGATIONS

24. In approximately August 2021, Defendants hired Plaintiff into the position of Host performing compensable work on Defendants' behalf, for Defendants' benefit, at Defendants' direction, and/or with Defendants' knowledge in the State of Wisconsin. During Plaintiff's employment with Defendants, Plaintiff also performed compensable work in the position of Server and Manager on Defendants' behalf, for Defendants' benefit, at Defendants' direction, and/or with Defendants' knowledge.

25. During Plaintiff's employment with Defendants, Defendants agreed to compensate Plaintiff on an hourly basis and/or with a regular hourly rate of pay of $10.00 – and an overtime rate of pay of $15.00 per hour – for any hours worked or work performed on Defendants' behalf, for Defendants' benefit, at Defendants' direction, and/or with Defendants' knowledge.

26. During the entirety of Plaintiff's employment with Defendants, Plaintiff was a non-exempt employee for FLSA and WWPCL purposes.

27. On or about February 9, 2025, Plaintiff's employment with Defendants ended.

28. During Plaintiff's employment with Defendants, and to date, Defendants did not compensate, and have not compensated, Plaintiff for any hours worked and/or work performed on Defendants' behalf, for Defendants' benefit, and/or at Defendants' direction at her regular rate of pay, $10.00, during the workweeks that covered the time period from approximately September 8, 2024, to February 9, 2025.

29. During Plaintiff's employment with Defendants, and during the workweeks that covered the time period from approximately September 8, 2024, to February 9, 2025, Defendants were aware that Plaintiff performed compensable work on Defendants' behalf, for Defendants' benefit, and/or at Defendants' direction and that Plaintiff was not compensated for any of these hours worked and/or any of this work performed.

30. During Plaintiff's employment with Defendants, and during the workweeks that covered the time period from approximately September 8, 2024, to February 9, 2025, Plaintiff performed approximately 738.64 hours of compensable work at her regular rate of pay, $10.00, on Defendants' behalf, for Defendants' benefit, at Defendants' direction, and/or with Defendants' knowledge, totaling $7,386.40.

31. During Plaintiff's employment with Defendants, and during the entire calendar year 2024, Defendants did not compensate Plaintiff at an overtime rate of pay of $15.00 for hours worked in excess of forty (40) in a workweek on Defendants' behalf, for Defendants' benefit, and/or at Defendants' direction.

32. During Plaintiff's employment with Defendants, and during the entire calendar year 2024, Defendants were aware that Plaintiff often worked hours in excess of forty (40) in a workweek on Defendants' behalf, for Defendants' benefit, and/or at Defendants' direction and that Plaintiff did not receive compensation at an overtime rate of pay of $15.00 for these hours worked.

33. During Plaintiff's employment with Defendants, and during the entire calendar year 2024, Plaintiff performed approximately 782.02 hours of compensable work in excess of forty (40) in a workweek and at an overtime rate of pay, $15.00, on Defendants' behalf, for Defendants' benefit, at Defendants' direction, and/or with Defendants' knowledge, totaling $11,730.30.

34. During Plaintiff's employment with Defendants, and to date, Defendants have not compensated Plaintiff with all earned wages for hours worked and work performed on Defendants' behalf, for Defendants' benefit, at Defendants' direction, and/or with Defendants' knowledge, totaling $19,116.70.

35. During Plaintiff's employment with Defendants, Defendants failed to compensate Plaintiff with an effective hourly rate of at least $7.25 for any and all hours worked and work performed during the workweeks that covered the time period from approximately September 8, 2024, to February 9, 2025, in violation of the FLSA and WWPCL.

36. During Plaintiff's employment with Defendants, Defendants failed to compensate Plaintiff with an overtime rate of pay for hours worked hours in excess of forty (40) in a workweek, in violation of the FLSA and WWPCL.

37. During Plaintiff's employment with Defendants, and during the years 2024 and 2025, Defendants suffered or permitted Plaintiff to work without appropriately and lawfully compensating her with minimum wages, overtime wages, and earned and agreed-upon wages for hours worked and work performed on Defendants' behalf, for Defendants' benefit, at Defendants' direction, and/or with Defendants' knowledge, in violation of the FLSA and WWPCL.

38. Defendants knew or should have known that Plaintiff must be compensated for any and all hours worked (and for all hours Defendants suffered or permitted her to work) in a

workweek, including but not limited to with minimum wages, overtime wages, and agreed-upon wages, in accordance with the FLSA and WWPCL.

39. Defendants had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which they were aware and/or of which they should have been aware.

40. Defendants owe Plaintiff earned and unpaid minimum and regular wages for work performed during Plaintiff's employment with Defendants, in a total monetary amount of approximately $19,116.70, in addition to liquidated damages and attorneys' fees and costs.

### FIRST CAUSE OF ACTION – FLSA VIOLATIONS (MINIMUM WAGES)

41. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

42. Section 206(a)(1) of the FLSA regulates, among other things, the payment of a minimum wage by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

43. At all times material herein, Defendants were employers of Plaintiff as provided under the FLSA, 29 U.S.C. § 201 *et seq.*

44. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

45. During Plaintiff's employment with Defendants, Defendants intentionally violated the FLSA by failing to compensate Plaintiff with an effective hourly rate of at least $7.25 per hour for any and all hours worked and work performed during the workweeks that covered the time period from approximately September 8, 2024, to February 9, 2025.

46. Defendants' failure to properly and legally compensate Plaintiff for all compensable work performed at a minimum rate of pay was willfully perpetrated. Defendants have not acted in good faith and with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages as described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendants acted reasonably and with good faith in failing to pay minimum wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

47. As a result of the aforesaid willful violations of the FLSA's provisions, minimum wages have been unlawfully withheld from Plaintiff by Defendants.

48. Plaintiff is entitled to damages equal to the minimum wages due and owing within the three (3) years preceding the date of filing of this Complaint, ECF No. 1, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting claims against Defendants.

49. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

## **SECOND CAUSE OF ACTION – FLSA VIOLATIONS (OVERTIME PAY)**

50. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

51. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 et seq.

52. At all times material herein, Defendants were an employer of Plaintiff as provided under the FLSA.

53. At all times material herein, Plaintiff was an employee of Defendants as provided under the FLSA.

54. Defendants violated the FLSA by suffering or permitting Plaintiff to perform work during the calendar year 2024 without being properly or lawfully compensated for each hour worked in excess of forty (40) hours at the proper and correct overtime rate of pay of $15.00.

55. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

56. Defendants are subject to the overtime pay requirements of the FLSA because Defendants are engaged in commerce and/or their employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

57. Defendants' failure to properly compensate Plaintiff with overtime pay was willfully perpetrated. Defendants also have not acted in good faith and with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendants acted in good faith and with reasonable grounds in failing to pay overtime premium pay wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

58. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiff for which Defendants are liable pursuant to 29 U.S.C. § 216(b).

59. Plaintiff is entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA.

60. Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**THIRD CAUSE OF ACTION – WWPCL VIOLATIONS (MINIMUM WAGES)**

61. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

62. At all times material herein, Plaintiff was an employee of Defendants within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

63. At all times material herein, Defendants were an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

64. At all times material herein, Defendants employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

65. During Plaintiff's employment with Defendants, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities during the

workweeks that covered the time period from approximately September 8, 2024, to February 9, 2025without receiving compensation for these activities at the hourly rate of $7.25.

66. During Plaintiff's employment with Defendants, Defendants willfully and intentionally violated the WWPCL by failing to compensate Plaintiff with an effective hourly rate of at least $7.25 per hour for all hours worked in the position of Driver and during the workweeks that covered the time period from approximately September 8, 2024, to February 9, 2025.

67. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendants to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

68. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants, pursuant to the WWPCL.

### FOURTH CAUSE OF ACTION – WWPCL VIOLATIONS (OVERTIME PAY)

69. Plaintiff reasserts and incorporates all previous paragraphs as if they were set forth herein.

70. At all material times herein, Plaintiff was an employee of Defendants within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

71. At all material times herein, Plaintiff was an employee of Defendants within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

72. At all material times herein, Defendants were an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

73. At all material times herein, Defendants employed Plaintiff within the meaning of Wis. Stat. §§ 109.01 et seq., 103.01 et seq., 104.01 et seq., and Wis. Admin. Code § DWD 272.01.

74. At all material times herein, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities.

75. During Plaintiff's employment with Defendants, Defendants willfully failed to pay Plaintiff overtime premium compensation for all hours worked in excess of forty (40) hours during the calendar year 2024, in violation of WWPCL.

76. As set forth above, Plaintiff has sustained losses in her compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendants to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

77. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants pursuant to the WWPCL.

### FIFTH CAUSE OF ACTION – WWPCL VIOLATIONS
### (REGULAR WAGES/FAILURE TO PAY AN AGREED-UPON WAGE)

78. Plaintiff reasserts and incorporates all previous paragraphs as if they were set forth herein.

79. At all relevant times, Plaintiff was an employee of Defendants within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

80. At all relevant times, Defendants were employers of Plaintiff within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

81. At all relevant times, Defendants employed Plaintiff within the meaning of Wis. Stat. §§ 109.01 et seq., 103.01 et seq., 104.01 et seq., and Wis. Admin. Code § DWD 272.01.

82. During Plaintiff's employment with Defendants, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities.

83. During Plaintiff's employment with Defendants, Plaintiff was entitled to payments from Defendants at her agreed-upon wage, $10.00 per hour, as defined in Wis. Stat. § 109.01(3), for each hour worked each workday and each workweek, pursuant to Wis. Stat. § 109.03.

84. During Plaintiff's employment with Defendants, Defendants did not compensate Plaintiff for each and every hour worked on their behalf, with their knowledge, for their benefit, and/or at their direction at her regular hourly rate of pay of $10.00 per hour and/or with agreed-upon wages, in accordance with Wis. Admin. Code § DWD 272, for hours worked each workweek during the time period from approximately September 8, 2024, to February 9, 2025, in violation of Wisconsin Wage Payment and Collection Laws.

85. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid wages, injunctive relief requiring Defendants to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the

Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

86. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendants to make Plaintiff whole by providing reimbursement for unpaid minimum wages, overtime wages, regular wages, agreed-upon wages, for pre-judgment and post-judgment interest or liquidated damages, and for all times spent performing compensable work for which Plaintiff was not properly paid as provided under the FLSA and WWPCL;

2. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

3. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 3rd day of February, 2026

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ ***Scott S. Luzi***

James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com
E-Mail: dpotteiger@walcheskeluzi.com